# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00158-MR-DLH

DONNELL EDWIN MURRAY, JR.,     )
                               )
                    Plaintiff, )
                               )
    vs.                        )
                               )
MICHAEL TAYLOR FUSSELL, JR.,   )          O R D E R
                               )
                    Defendant. )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1], filed on June 24, 2014. For the reasons stated herein, the Court will *sua sponte* dismiss this action.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA), for damages suffered as a consequence of the alleged negligence of the Defendant, Officer Michael Taylor Fussell, Jr., an officer with the Shelby City Police Department in Shelby, North Carolina. [Doc. 1 at ¶¶ 8, 12, 16]. Specifically, the Plaintiff alleges that he was injured when the Defendant struck him with a patrol vehicle while the Plaintiff was attempting to cross a road on foot. [Id. at ¶ 16].

## II. STANDARD OF REVIEW

The Plaintiff is not a prisoner, nor is he proceeding *in forma pauperis* in this action. Thus, the provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A, which permit the *sua sponte* dismissal of complaints which fail to state a claim, are not applicable in the present case. Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam). Nevertheless, a district court has the inherent authority to dismiss a frivolous complaint, even when the required filing fees have been paid. Id.; see also Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989). Additionally, "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." Ross, 493 F. App'x at 406 (citing Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181-83 (7th Cir. 1989); Franklin v. Or., State Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir. 1981)).

## III. DISCUSSION

The FTCA generally authorizes suits against the United States for damages for personal injuries or property caused by the negligent or wrongful acts or omissions of an employee of the United States while acting within the scope of his office or employment. See 28 U.S.C. §§ 1346(b), 2671. Here, the Plaintiff asserts claims under the FTCA against

an officer of the Shelby City Police Department, not a United States employee. Thus, the Plaintiff has failed to allege a claim arising under the Federal Tort Claims Act, and his Complaint must be dismissed as frivolous.

The Court notes that the Plaintiff's Complaint is signed by both the Plaintiff and by Shaun Chappell, who identifies himself as "Counsel by Special Visitation." [Id. at ¶10]. Although admittedly not admitted to practice law in the State of North Carolina or any other jurisdiction, Mr. Chappell asserts that he is entitled to represent the Plaintiff in this matter as the Plaintiff's "Constitutional Counsel." [See id. at 39].

Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States ... [to] plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975). The term "counsel" as used in this context, however, refers only to an individual authorized to practice law. See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977). The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law. United

States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461, 465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar"). The Court notes that attempting to represent the legal interests of anyone other than oneself, unless licensed to practice in the State of North Carolina or admitted elsewhere and specially admitted, constitutes the unauthorized practice of law, which is a criminal offense in the State of North Carolina. See N.C. Gen. Stat. §§ 84-4, 84-8.

Based on the foregoing, the Plaintiff is advised that if he wishes to proceed *pro se* in another civil action, whether in this Court or in a North Carolina state court, he cannot be represented by Mr. Chappell. Rather, the Plaintiff must file his own complaint, signed solely by him.

## O R D E R

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 2, 2014

Martin Reidinger
United States District Judge